OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the petitioner for an order restraining, enjoining and prohibiting the respondent from further inquiring into the books and records of the petitioner.
Petitioner was a self-employed masonry contractor in the Greene County area during the years 1976 and 1977. An appointment was scheduled by respondent for January 17, 1978 at the office of the attorneys for petitioner to review petitioner’s records in connection with unemployment insurance claims made by petitioner’s employees. Respondent reviewed 1976 and 1977 cash disbursement books and the payroll records for 1977. However, after the inspection it was determined that an additional examination of the petitioner’s records was necessary and an additional inspection was scheduled for February 16, 1978. On February 16, the examination was not conducted as respondents left after allegedly waiting *225 for over an hour for an opportunity to use the conference room in the office of the attorneys for petitioner. Subsequently, respondent sent a letter to the petitioner, dated February 22, 1978, listing some 11 items necessary to the audit investigation and requesting petitioner to produce same.
The petitioner contends that the additional information and records sought by the Department of Labor are outside the scope of the respondent’s jurisdiction and constitute an invasion of petitioner’s privacy.
Subdivision 1 of section 575 of the Labor Law provides: "1. Requirements. Every employer shall keep a true and accurate record of each person employed by him, the name and social security account number, and the amount of remuneration paid to each, and such other records as are necessary under this article in the manner prescribed by regulations of the commissioner and shall furnish to the commissioner, upon demand, a sworn statement of the same. Such records, together with all other records reflecting or bearing upon them, shall be open to inspection at any time and as often as may be necessary to verify the number of employees, the periods of their employment and the amount of their remuneration.”
The Department of Labor is charged with the duty of enforcing the unemployment insurance provisions of the Labor Law. The requirement that an employer maintain and permit the inspection of his employment records is a legitimate statutory regulation for the public good. It is by the maintenance and inspection of such records that the public policy of providing unemployment insurance benefits is effective (People v Spinelli, 81 Misc 2d 273).
The items requested by the respondent herein are necessary to conduct a normal investigation of the petitioner’s records and must be produced. The petition is therefore dismissed.